**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**ATHENS DIVISION**

| | | |
|---|---|---|
| **MARJORIE ANN SMITH,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | |
| | : | **No. 3:21-cv-00088-CAR** |
| **ZAXBY'S FRANCHISING, LLC,** | : | |
| **and RESTAURANT SYSTEMS** | : | |
| **SOLUTIONS, LLC,** | : | |
| | : | |
| **Defendants.** | : | |
| _____ | : | |

**ORDER ON MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS**

Currently before the Court is *pro se* Plaintiff Marjorie Smith's Motion for Leave to Proceed *In Forma Pauperis* [Doc. 2]. Plaintiff seeks to initiate a lawsuit against Defendants for terminating her employment based on her race, in violation of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e-2(a) ("Title VII"). Plaintiff has moved the Court for permission to proceed without prepayment of fees. It appears Plaintiff is unable, because of her poverty, to pay the cost of commencing this action and still provide for herself, and therefore the Court **GRANTS** her Motion [Doc. 2] to proceed *in forma pauperis*.[1] If Plaintiff wishes to maintain this action, then pursuant to 28 U.S.C. § 1915(e)(2) **she must file a recast Complaint** within 21 days of the date of this Order,

_____

[1] 28 U.S.C. § 1915.

which will supersede his original Complaint, as hereinafter directed.

Because Plaintiff is proceeding IFP, the Court is required to screen her Complaint and must *sua sponte* dismiss the Complaint or portion thereof which (1) is found to be frivolous or malicious, (2) fails to state a claim on which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief.[2] Title 28 U.S.C. § 1915(e) "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless."[3]

A claim is frivolous when it appears from the face of the complaint that the factual allegations are "clearly baseless" and the legal theories "indisputably meritless," or when it is apparent that "the defendant's absolute immunity justifies dismissal before service of process."[4] "Dismissal for failure to state a claim is appropriate when the facts as pleaded do not state a claim for relief that is 'plausible on its face'"[5] and is governed by the same standard as a dismissal under Federal Rule of Civil Procedure

---

[2] 28 U.S.C. § 1915(e)(2)(b).
[3] *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).
[4] *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993).
[5] *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009)).

12(b)(6).[6] However, *pro se* "pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed."[7]

As is its duty, this Court has scrutinized Plaintiff's Complaint and has liberally construed all of Plaintiff's assertions.[8] Plaintiff alleges she was unlawfully discriminated against, denied a promotion, and ultimately terminated from employment because of her race and color. Plaintiff was terminated on May 1, 2019, and she filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) in June 2019. The EEOC issued Plaintiff a notice of her right-to-sue on August 27, 2019.[9] The letter informed Plaintiff that any lawsuit "must be filed in federal or state court <u>WITHIN 90 DAYS</u> of your receipt of this notice; or your right to sue based on this charge will be lost."[10]

On November 25, 2019, Plaintiff timely filed an employment discrimination action, Case No. 3:19-cv-105-CDL, based on the same allegations she alleges in the current Complaint.[11] On April 21, 2021, Judge Land dismissed Plaintiff's case without

---

[6] *See, e.g., Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997).
[7] *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006) (citations omitted).
[8] *See Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam) ("*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed.").
[9] EEOC Dismissal and Notice of Rights [Doc. 1-2].
[10] *Id*.
[11] Case No. 3:19-cv-00105-CDL [Doc. 1].

prejudice due to Plaintiff's failure to comply with her discovery obligations.[12] Three months later, on July 26, 2021, Plaintiff filed the Complaint currently before this Court.

Plaintiff's present suit is time-barred. To maintain a Title VII action, Plaintiff must file suit within 90 days of receipt of the EEOC's notice of right-to-sue.[13] Plaintiff does not state when she received her right-to-sue letter, so the Court presumes she received it 3 days after it was sent, on August 30, 2019.[14]

Although Plaintiff's first lawsuit was timely filed, her present lawsuit was filed over a year and a half after she received her right-to-sue letter on August 30, 2019. A lawsuit that is dismissed without prejudice does not automatically toll a 90-day EEOC right-to-sue letter deadline.[15] And even if the 90-days was tolled during Plaintiff's first lawsuit, Plaintiff had at most 5 days left to refile. Plaintiff waited 42 days from Judge Land's dismissal order before filing her Complaint in this case. Thus, her current Complaint is untimely.

In some instances, the 90-day deadline to file suit may be equitably tolled. To

---

[12] Case No. 3:19-cv-00105-CDL [Doc. 50].

[13] 42 U.S.C. § 2000e–5(f)(1); 29 C.F.R. § 1614.407; *Skipper v. BASF Corp*, No. CV411-082, 2011 WL 1740535, at *1 (S.D. Ga. Apr. 18, 2011), report and recommendation adopted, No. CV411-082, 2011 WL 1740533 (S.D. Ga. May 5, 2011) (granting motion for leave to proceed IFP but dismissing case as untimely because plaintiff filed complaint more than 90 days after receipt of EEOC letter).

[14] *Kerr v. McDonald's Corp.*, 427 F.3d 947, 953 at n. 9 (11th Cir. 2005).

[15] *Miller v. Georgia*, 223 F. App'x 842, 845 (11th Cir. 2007) (citing *Bost v. Fed. Express Corp.*, 372 F.3d 1233, 1242 (11th Cir. 2004)).

establish equitable tolling, a plaintiff must show "(1) [she] has been pursuing [her] rights diligently and (2) some extraordinary circumstance stood in [her] way and prevented [her] from timely filing."[16] "Extraordinary circumstances" may include fraud, misinformation, deliberate concealment, or that a mental illness deprived her of the ability to timely file.[17] Plaintiff, however, provides no explanation why she waited over a year and a half after she received the right-to-sue letter to file this action, and thus her Complaint is untimely.

The United States Court of Appeals for the Eleventh Circuit has "held that when a more carefully drafted complaint might state a claim, a plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice."[18] Thus, rather than dismiss her Complaint, the Court will allow Plaintiff the opportunity to file a recast Complaint to assert allegations in support of equitable tolling, if applicable.

## CONCLUSION

Plaintiff's Motion to Proceed IFP [Doc. 2] is **GRANTED**, but the allegations in her Complaint fail to state a claim. If Plaintiff wishes to proceed on the action, she **MUST** submit a recast Complaint within twenty-one (21) days from the date of this

---

[16] *Winsor v. Home Depot U.S.A., Inc.*, 743 F. App'x 335, 338 (11th Cir. 2018).

[17] *Brown v. John Deere Prod., Inc.*, 460 F. App'x 908, 910 (11th Cir. 2012).

[18] *Gary v. U.S. Gov't*, 540 F. App'x 916, 917 (11th Cir. 2013); *Langlois v. Traveler's Ins. Co.*, 401 F. App'x 425, 427 (11th Cir. 2010).

Order. The recast Complaint must be filed in accordance with the directives contained in this Order. If Plaintiff fails to respond within the twenty-one (21) days, the Court will dismiss this action with prejudice. Upon receipt of any amended complaint, the Court will re-evaluate the Complaint pursuant to 28 U.S.C. § 1915(e). **There will be no service of process until further order from the Court**.

**SO ORDERED**, this 24th day of August, 2021.

S/ C. Ashley Royal
C. ASHLEY ROYAL, SENIOR JUDGE
UNITED STATES DISTRICT COURT