IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| **MARJORIE ANN SMITH,** : | |
| : | |
| **Plaintiff,** : | |
| : | |
| v. : | |
| : | No. 3:21-cv-00088-CAR |
| **ZAXBY'S FRANCHISING, LLC,** : | |
| **and RESTAURANT SYSTEMS** : | |
| **SOLUTIONS, LLC,** : | |
| : | |
| **Defendants.** : | |
| : | |

**ORDER DISMISSING PLAINTIFF'S RECAST COMPLAINT**

Currently before the Court is *pro se* Plaintiff Marjorie Smith's Recast Complaint [Doc. 5]. Plaintiff seeks to initiate a lawsuit against Defendants for terminating her employment based on her race, in violation of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e-2(a) ("Title VII"). For the reasons explained below, the Court **DISMISSES** Plaintiff's Recast Complaint [Doc. 5] as untimely.

On August 24, 2021, the Court granted Plaintiff's motion to proceed *in forma pauperis* but did not allow the complaint to be served because it was filed outside the 90-day right-to-sue window provided by the EEOC and was therefore untimely. [Doc. 3]. Rather than dismiss the Complaint, the Court provided Plaintiff the opportunity to file a recast complaint. The Court specifically ordered her to file a recast complaint within 21

1

days "asserting allegations of equitable tolling if applicable."[1] The Court informed Plaintiff that "[e]quitable tolling is appropriate when a movant untimely files because of extraordinary circumstances that are both beyond [her] control and unavoidable even with diligence."[2] To establish equitable tolling, a plaintiff must show "(1) [she] has been pursuing [her] rights diligently and (2) some extraordinary circumstance stood in [her] way and prevented [her] from timely filing."[3] "Extraordinary circumstances" may include fraud, misinformation, deliberate concealment, or that a mental illness deprived her of the ability to timely file.[4] The Eleventh Circuit has noted equitable tolling is an extraordinary remedy which should be extended only sparingly.[5]

Following the Court's instruction, Plaintiff filed a recast complaint. In her Recast Complaint, Plaintiff solely states, "I never intentionally missed a deadline pertaining to this case. I fully intend on meeting any and all deadlines that I am aware of. The judgement [sic] that I received from Judge Land did not mention a deadline for refiling. As a Pro Se litigant, I am doing my absolute best to meet the expectations set forth according to the rules for court proceedings."[6]

---

[1] *Id.*
[2] *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999).
[3] *Winsor v. Home Depot U.S.A., Inc.*, 743 F. App'x 335, 338 (11th Cir. 2018).
[4] *Brown v. John Deere Prod., Inc.*, 460 F. App'x 908, 910 (11th Cir. 2012).
[5] *Id.*
[6] [Doc. 5-3].

Because Plaintiff is proceeding IFP, the Court is required to screen her Complaint and must *sua sponte* dismiss the Complaint or portion thereof which (1) is found to be frivolous or malicious, (2) fails to state a claim on which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief.[7]

Even construing Plaintiff's Recast Complaint liberally because of her *pro se* status, Plaintiff's explanation is insufficient to establish equitable tolling, as she has neither demonstrated that she has been pursuing her rights diligently nor that any extraordinary circumstances prevented her from timely filing her complaint. Thus, her complaint is untimely.

## CONCLUSION

Plaintiff's Recast Complaint is barred by the statute of limitations and therefore must be **DISMISSED**.

**SO ORDERED**, this 9th day of September, 2021.

s/ C. Ashley Royal_____
C. ASHLEY ROYAL, SENIOR JUDGE
UNITED STATES DISTRICT COURT

---

[7] 28 U.S.C. § 1915(e)(2)(b).